Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2019 04:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
19STCV17345

130 6/9

**SUM-100**

# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CIGNA HEALTH AND LIFE INSURANCE COMPANY
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE SURGERY GROUP OF LOS ANGELES, PC

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court -- Central District (Stanley Mosk)
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
19STCV17345

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Newborn, Esq., 1100 Glendon Avenue, Los Angeles, CA 90024; (310) 203-2800

DATE: 05/17/2019                Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                       Clerk, by Romunda Clifton, Deputy
                                *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CIGNA HEALTH AND LIFE INSURANCE COMPANY

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* BUSINESS ENTITY UNKNOWN
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 05/17/2019 04:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:19-cv-06231-SVW-SS   Document 1-2   Filed 07/19/19   Page 2 of 10   Page ID #:32

19STCV17345

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

Michael D. Newborn, Esq. (SBN: 305929)
**NELSON HARDIMAN LLP**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727
Email:   mnewborn@nelsonhardiman.com

Attorneys for Plaintiff
The Surgery Group of Los Angeles, PC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| THE SURGERY GROUP OF LOS ANGELES, PC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>1. **QUANTUM MERUIT**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff the Surgery Group of Los Angeles, PC (hereinafter referred to as "Plaintiff") complains and alleges:

**PARTIES**

1. PLAINTIFF The Surgery Group of Los Angeles, PC is and at all times was a California Medical Corporation organized and existing under the laws of the State of California. PLAINTIFF is and was at all relevant times in good standing under the laws of the State of California with a principal place of business in Los Angeles, California.

2. On information and belief, Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("DEFENDANT"), is and was licensed to do business in and is and was doing business in the State of California, as a payor of insurance. PLAINTIFF is informed

1
**COMPLAINT**

and believes that DEFENDANT is licensed to transact business in the State of California. DEFENDANT is, in fact, transacting business in the State of California and is thereby subject to the laws and regulations of the State of California.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately thereby to PLAINTIFF. PLAINTIFF will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

4. At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were the agents and/or employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent. At all times herein mentioned, DEFENDANT/s had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether and/or how to pay claims; issuing remittance advices and explanations of benefits statements; making payments to PLAINTIFF and Patients.[1]

## GENERAL FACTS

5. All of the claims asserted in this complaint are based upon the individual and proper rights of PLAINTIFF in its own individual capacity and are not derivative of the

---

[1] "Patients" refers to CIGNA HEALTH AND LIFE INSURANCE COMPANY members and enrollees, who received medical treatment from PLAINTIFF through a medical provider ("Medical Provider") and whose bills for such treatment Defendant failed to pay and/or underpaid. For privacy reasons and in order to comply with Health Insurance Portability and Accountability Act ("HIPAA"), the full name, dates of treatment and policy information pertaining to the Patients are being withheld. This information will be disclosed to Defendants upon its request.

contractual or other rights of the Medical Provider's Patients.

6. This complaint arises out of the failure of DEFENDANT to make proper payments and/or the underpayment to PLAINTIFF by DEFENDANT and DOES 1 through 10, inclusive, of amounts due and owing now to Medical Provider for emergent surgical care, treatment and procedures provided to Patients, who were insureds, members, policyholders, certificate-holders or were otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive.

7. PLAINTIFF is informed and believes based on DEFENDANT's oral and other representations that the Patients were insureds of DEFENDANT either as subscribers to coverage or dependents of subscribers to coverage under a policy or certificate of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive, and each of them. PLAINTIFF is informed and believes that the Patients entered into a valid insurance agreement with DEFENDANT for the specific purpose of ensuring that the Patients would have access to medically necessary treatments, care, procedures and surgeries by medical practitioners like Medical Provider and ensuring that DEFENDANT would pay for the health care expenses incurred by the Patients.

8. PLAINTIFF is informed and believes that DEFENDANT and DOES 1 through 10, inclusive, and each of them, received and continue to receive, valuable premium payments from the Patients and/or other consideration from Patients under the subject policies applicable to Patients.

9. It is standard practice in the health care industry that when a medical provider enters into a written preferred provider contract with a health plan such as DEFENDANT, that a medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider.

10. Those benefits include an increased volume of business, because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network",

590765.1

3

**COMPLAINT**

and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider.

11. Conversely, when a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement with a health plan, the medical provider receives no referrals from the health plan.

12. The medical provider has no obligation to reduce its charges. The health plan is not entitled to a discount from the medical provider's total bill charge for the services rendered, because it is not providing the medical provider with in network medical provider benefits, such as increased patient volume and direct payment obligations.

13. The reason why medical providers have chosen to forgo the benefits of a contract with a payor is that, in recent years, many insurers including DEFENDANT's contracted rates for in-network providers have been so meager, one-sided and onerous, that many providers like Medical Provider have determined that they cannot afford to enter into such contracts. As a result, a growing number of medical providers have become non-contracted or out of network providers.

14. PLAINTIFF believes that for non-contracted, out-of-plan, or out-of-network providers, DEFENDANT has unlawfully underpaid these providers for the medically necessary and appropriate services they have rendered to the insureds of the DEFENDANT. PLAINTIFF believes that in some cases DEFENDANT has used flawed databases and systems to unilaterally determine what amounts it pays to medical providers and has colluded with other insurers to artificially underpay, decrease, limit and minimize the reimbursement rates paid for services rendered by non-contracted providers.

15. Often, the rates paid to medical providers such as Medical Provider by payors such as DEFENDANT for the exact same procedure, treatment, surgery or service, were paid at different rates during the same year. At other times, medical providers were paid rates which were below what they would have received had they been a preferred or in-network provider, even though such volume-discounted rates would have been significantly lower than usual, reasonable or customary rates as defined by California law.

16. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT's systems for paying out-of-network claims is flawed, that DEFENDANT improperly manipulates the data in its systems to underpay out-of-network PLAINTIFF claims and that DEFENDANT's systems and methods for calculating such rates violate California law.

17. PLAINTIFF and its affiliated physicians have a reputation for providing high quality care, surgeries and procedures. Its charges for services are on par with the charges of other surgeons in the same general area for the same procedures and/or services. PLAINTIFF's billed charges are usual, reasonable and customary.

18. The California Department of Managed Health Care has adopted regulations that define the amount that health care service plans such as DEFENDANT is obligated to pay non-contracted providers such as Medical Provider. These regulations provide, in pertinent part:

> For contracted providers without a written contract and non-contracted providers, . . . [the Plan shall remit to the provider] the payment of the reasonable and customary value for the health care services rendered based upon statistically credible information that is updated at least annually and takes into consideration: (I) the provider's training, qualifications and length of time in practice; (ii) the nature of the services provided; (iii) the fees usually charged by the provider; (iv) prevailing provider rates charged in the general geographic area in which the services were rendered; (v) other aspects of the economics of the medical provider's practice that are relevant; and (vi) and unusual circumstances in the case.

28 Cal. Code Regs. Section 1300.71(a)(3)(B). These definitions are the same criteria used by California Courts to determine the *quantum meruit* amounts that should be paid for services rendered by non-contracted providers by insurers in California.

19. Based upon these criteria, PLAINTIFF's charges are usual, reasonable and customary. PLAINTIFF charged DEFENDANT the same fees that it charges all other payors. Medical Provider's fees are comparable to the prevailing provider rates for other surgeons in the same geographic area in which the services were provided.

20. At all relevant times, PLAINTIFF expected to be paid by defendants at the lesser of its billed charges or the then-current usual, customary and reasonable rate, which is defined by California law as follows:

> A "usual" charge is the amount that is most consistently charged by an individual physician for a given service. A "customary" charge is the amount that falls within a specified range of usual charges for a given service billed by most physicians with similar training and experience within a given geographical area. A "reasonable" charge is a charge that meets the Usual and Customary criteria, or is otherwise reasonable in light of the complexity of treatment of the particular case. Under a UCR Program, the payment is the lowest of the actual billed charge, the physician's usual charge or the area customary charge for any given covered service.

21. The following is one example of the many claims Medical Provider asserts against DEFENDANT.

## PATIENT A[2]

22. On October 1, 2017, Medical Provider provided emergency medical services to the Patient and policyholder of DEFENDANT at Cedars-Sinai Medical Center.

23. Medical Provider was obligated under California Health and Safety Code § 1317 et seq. to provide medical services to the Patient without regard for whether the Patient or the Patient's insurance plan would pay for Medical Provider's services.

24. Following the procedure, Patient provided his insurance information to Medical Provider who then submitted a bill for $48,600 to Patient's insurer, DEFENDANT, accompanied with lengthy operative reports, chart notes, and other medical records. No matter whether large or small, PLAINTIFF's claims were submitted to DEFENDANT using CPT codes, Healthcare Common Procedure Coding System ("HCPCS"), and modifiers, as necessary. PLAINTIFF submitted to DEFENDANT any and all billing information and any and all additional

---

[2] The patient's name and other protected health information have been excluded to protect his privacy. Plaintiff will provide DEFENDANT with such information upon request.

information requested by DEFENDANT.

25. DEFENDANT processed PLAINTIFF's bill on November 9, 2017 and determined to pay PLAINTIFF $400.

26. Following DEFENDANT's failure to pay, PLAINTIFF contacted DEFENDANT seeking proper payment.

27. DEFENDANT did not make and has not made any additional payment to PLAINTIFF.

28. As Medical Provider is prohibited by the Knox-Keane Health Care Service Plan Act of 1975, Health & Safety Code, § 1340 *et seq.*, ("Knox-Keane Act") from balancing billing and resolving billing disputes with a patient seen in the emergency room, Medical Provider seeks to resolve this dispute and obtain payment from DEFENDANT as is required by California Law.

## FIRST CAUSE OF ACTION:
## FOR QUANTUM MERUIT

29. PLAINTIFF incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

30. Medical Provider rendered emergent medical services, surgeries, procedures and other medical care and treatment to Patients, who were insured by DEFENDANT.

31. DEFENDANT has failed and refused to pay Medical Provider the appropriate amounts incurred by Medical Provider in rendering treatment, care, surgery and procedures to the Patients, has underpaid those costs and has failed and refused to pay the usual, reasonable and customary costs of those services.

32. DEFENDANT is and was required to resolve all payment disputes with PLAINTIFF and to not attribute liability or involve the Patients in said dispute.

33. As a result, DEFENDANT owes Medical Provider the total reasonable value of Medical Provider's services.

34. The *quantum meruit* or total reasonable value of Medical Provider's services is determined according to the customary charges that would be billed by Medical Provider and/or other surgeons and physicians in the absence of preferred provider or participating provider

contractual rates.

35. DEFENDANT has refused to pay and continues to refuse to pay PLAINTIFF for the whole of the sums owed to PLAINTIFF. Accordingly, there is now due and owing, to PLAINTIFF an unpaid sum, plus statutory interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE,** The Surgery Group of Los Angeles, PC prays for judgment against Defendant as follows:

1. For restitution in an amount to be determined, plus statutory interest;
2. For a declaration that DEFENDANT are obligated to pay PLAINTIFF all monies owed for services rendered to the Patients;
3. For attorneys' fees;
4. For costs of suit; and
5. For such other relief as the Court deems just and appropriate.

Dated: May 10, 2019                    NELSON HARDIMAN LLP

By: _____
Michael D. Newborn
*Attorney for Plaintiff*
*The Surgery Group of Los Angeles, PC*

## DEMAND FOR JURY TRIAL

Plaintiff, THE SURGERY GROUP OF LOS ANGELES, PC hereby demands a jury trial as provided by law.

Dated: May 10, 2019

NELSON HARDIMAN LLP

By: *[signature]*
Michael D. Newborn
*Attorneys for Plaintiff*
*The Surgery Group of Los Angeles, PC*